Why don't we wait just a moment until the deck clears. May it please the Court, Mary Masseran Ross on behalf of the defendants, appellants, officers Baylock, Macy, Buchanan, and Koching. I'd like to reserve three minutes for rebuttal if I may. The District Court denial of summary judgment here amounted to reversible error because the officer's conduct did not rise to the level of a constitutional violation under either of the statutes, and no clearly established law would have told them that it did. First I just wanted to note the dispute about the shock to conscience versus objective reasonableness standard. This Court adopted the objective reasonableness standard for this time period, which is after someone has been arrested but before they have gone to a hearing. But that adoption was after this incident. So the argument that was made below, and which we maintain on appeal, is that the proper standard for considering clearly established law should be using the shock to conscience standard. But what I thought would be most helpful to the Court in terms of the discussion might be to focus on why the District Court's analysis was wrong and inconsistent with the authority from this Court and the Supreme Court. The District Court's opinion was erroneous in a number of ways, and I think a number of them individually and certainly cumulatively require a reversal in order for this decision to be consistent with what this Court has said. First, the District Court improperly focused on a sort of heightened rhetoric in the language that Davis used. Davis used terms like slammed and so forth. And this Court in the Chapel decision made clear that somebody using those kinds of semantic words in order to create an impression of force when the actual neutral words show that the conduct was reasonable under the circumstances oughtn't be a factor in the analysis. Secondly, the District Court really failed to view the facts from the perspective of a reasonable officer on this scene who was faced with an intoxicated inmate who was noncompliant, had some... We have to assume that he was noncompliant? I think in this case we do, because in this case... Did the District Court assume that he was noncompliant? The District Court concluded there was a fact question about that, but the... We're bound by that then, right, on interlocutory appeal? I don't believe we are in this case, and I understand the vast body of law about Johnson v. Jones in this Court's assumptions, however, this is an instance where the District Court is looking at no facts in support of that conclusion. When all of the testimony... I don't believe so. I think Scott v. Harris... We've got to second guess his factual... I forget who the District Judge is, it's Judge Lawson. We have to second guess Judge Lawson's determination as to what facts there is a genuine issue with regard to? I think in this case what the District Court did was reached a conclusion, and I'm not trying to quibble, I'm truly not. No, no, this is the crux of the issue, that's why I'm asking. Right, right. I think because this case is really in many ways on all fours with Scott v. Harris... Well, but in Scott v. Harris they could look at the... That's the case of the video of the car, right? That's correct. They had the video to look at, which concluded that... This video doesn't tell us whether he was non-compliant or not, does it? I think it does. If you look at the video, you can see the shoe flying out, you can see that he's struggling. So if we look at this video and we're not compelled to the conclusion that he was not complying, then you would lose your appeal, right? Let's talk about what there is in this record. I want to talk about what the district court assumed subject to things that we are compelled to believe by the video, because that's what I'm viewing. I can't speak for my colleagues, but I think that's what the law says, right? It says you just stuck with what the district court thinks the record will allow a jury to come to, except that there's a Scott v. Harris perimeter around that, which says if it just can't be accepted compared to objectively compelling evidence, then we'll go with that. Is that a fair standard of what we're supposed to be doing here? I don't mean to interrupt you. I just wanted to sort of add to that question, really I think you can answer both at the same time, is how do we even have jurisdiction here? This is an interlocutory appeal. It is an interlocutory appeal, and I understand this court, the line of where interlocutory appeals has not been clearly set, I would say. I think the cases from this court have some ambiguity in them. But whatever that ambiguity is, Scott v. Harris is very clear about when you have that kind of objective evidence that a jury could, would, if a jury had that evidence, no reasonable jury could ignore it. And in this case, I think that same analysis applies. What you have in the lower court record is you have entirely consistent testimony from a number of officers. You have a video that is entirely consistent with their testimony. You have an incarcerated person who is now the plaintiff, who gave testimony which even the plaintiff's counsel admits is not credible, is completely inconsistent with many of the statements that he made about the sequence of events and what happened during the events and all the way through. It goes to his credibility as opposed to whether these officers are entitled to a qualified immunity vote, doesn't it? Assuming that he resisted, is there not something that says you can't whoop him upside the head and spray him with mace and do all that kind of stuff if it's more force than necessary, right? Certainly, the force has to be reasonable. Reasonable, and that is more, well, than necessary. You know, I'm a district judge in my day job, and I think Judge Lawson had it right. I mean, he's going to have to try the case. When you look at the testimony, the deputies say they saw him pacing in the cell. He was engaging in verbal spats. If you look at the video, and you look at the tape, and you look at... And I was one of the six jurors to try the case, I might say that, you know, maybe he needed to be calmed down with being whooped upside the head and sprayed with mace. This was before that incident. I mean, he doesn't even claim he was whooped upside the head to use that language at that time. I mean, he doesn't. That's what they say in Kentucky. They might say it's different in Michigan. And they would use all sorts of language in Detroit, too, some of which I'm not going to repeat here. But I mean, the language isn't the point. The point is when you look at the video, when you look at the video, you see the shoe come flying out in an aggressive manner. You see that. You see that they are trying to take his jacket off. You see that. And he is rolling around and resisting. Why are they taking his jacket? Why are they taking his shoes? Because if they don't and there is a jail suicide, we would be here on a different case. Let me ask. I mean, they have those obligations. Ms. Ross, I'm going to try to ask the question I was asking before. If we look at this video and are not compelled, which you say we will be, but we are not compelled to the conclusion that he was not compliant, if that's the case, then you lose this appeal. Is that correct or not? I don't believe so. Then I don't understand your view of the law because I thought that's the way the law was, which is we go with what the district court assumed unless we are compelled by the video to come to a different factual assumption. And here I'm going to come back to a point that you may not agree with, but I'm going to make it anyway. And that is, yes, if there is a factual dispute, that is one thing. But in this case, what we have is a video, and I understand what you're saying if you don't feel that you're compelled. What you have are inferences that the district court is trying to draw, I think impermissibly, from what the district court characterizes as ambiguities. That is different. Do we reject that in ROMO? Wasn't that the exact argument of the dissent in ROMO? I'm making it again. Well, okay. At least some of us are going with the majority in ROMO. I understand. I do. Okay. I do. Maybe I should save the rest of my time for rebuttal. That would be fine. Thank you. Good morning, Your Honors. David Blake on behalf of the appellee, Fernando Davis. Just to clarify, Your Honors, it's the appellee's opinion that he has certainly demonstrated genuine issues of material fact with respect to the excessive force that was used against him in March of 2009. I'm just wondering, why didn't you make a jurisdictional argument here? Well, Your Honor, certainly we should have, I guess, addressed that, but we addressed exactly what was set forth in the appellant's brief and addressed those. But I think the court is correct that there certainly is a jurisdictional issue that could be raised. As far as the video, there's been assertions that the shoe is flying off. If you review the video, you see a compliant detainee. Mr. Davis at no point in time is aggressive, combative, verbally abusive to anyone. And that's what Judge Lawson noted in his opinion, and it's a fact that the appellant cannot overcome. This was a compliant person. So what is our role now at this point vis-a-vis this video? Because we have two completely different characterizations this morning by counsel in terms of how we should view this video. I've seen the video, and I have my own view of it, but what is our role? How do we? Well, I think Judge Rogers was correct in his analysis that if you find that it's completely different, a differing view of what Judge Lawson noted as his observations in the video at the lower court level, I think at that point you would be obligated to make a decision. But it certainly isn't inconsistent with what Judge Lawson concluded as to the genuine issues of material fact with the differing versions of what each party say in this matter. And there's really not a whole lot more to the argument. And I think we've set it forth in our brief. If you have any questions, I'd be happy to take them now. No, you're not. Thank you. Thank you. I'll be very brief on rebuttal. I do think Skyphy Harris is controlling. I do think when you look at the video and you see the shoe flying, you see, I mean, the fact that the plaintiff was compliant walking through at the start is not really the issue. The question is once they were trying to move him to a safety cell for his own safety and trying to avoid agitating the other people in the general holding cell, then the question is was he compliant? And if he was not, was the force used reasonable in relation to what they were trying to accomplish? And I did watch the video. You will have to watch the video and draw your own conclusions. But from my perspective, you saw professional officers. You saw a shoe flying out. You saw someone struggling as they were trying to remove a jacket. The shoes and the jacket have strings, which are very dangerous for people, particularly people who go into jail who are already intoxicated. There is a higher risk of suicide. The officers have to deal with that. And in that circumstance, some minimal force ends up being necessary in any number of situations and this was one of them. It seems to me that Skyphy Harris' authority is controlling here. And so I would urge the court to look at that and to reach that conclusion. I'm happy to answer other questions, but if not, I will give back the remainder of my time. Okay. Well, thank you, counsel, for your arguments this morning. The case will be submitted and you may call the next case. Thank you.